# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# DUBLIN DIVISION

| | |
|---|---|
| KEITH HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV312-085 |
| | ) |
| JAMES E. GRAHAM, Magistrate | ) |
| Judge; LISA GODBEY WOOD, | ) |
| District Judge; W. LEON | ) |
| BARFIELD, Magistrate Judge; | ) |
| DUDLEY H. BOWEN, JR., District | ) |
| Judge; Scott L. Proff, Deputy Clerk, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Keith Henderson has filed yet another 42 U.S.C. § 1983 complaint, this time against judges and the Clerk of this Court. He also seeks leave to file this case *in forma pauperis* (IFP). Doc. 2. However, the following cases show that he has struck out under 28 U.S.C. § 1915(g)[1]: *Henderson*

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring an IFP civil action if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

*v. Newsome*, CV311-056, doc. 8 (S.D. Ga. Sep. 13, 2011), *adopted*, docs. 20 & 11 (S.D. Ga. Oct. 17, 2011); *Henderson v. Wright*, CV312-030, doc. 12 at 1 (S.D. Ga. Jun. 13, 2012) (noting CV311-56 plus two Middle District strikes to terminate his case under § 1915(g), and warning "that he is one frivolous filing away from a determination that he is an abusive filer, which would allow the Court to place substantial limitations on [his] filings."); *Henderson v. Barfield*, CV312-029, doc. 17 (S.D. Ga. Jul. 12, 2012).

Henderson therefore is barred from moving for IFP, so this case, which also counts as a § 1915(g) strike, should be **DISMISSED**. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. And, since he has disregarded the Court's warning in *Wright*, he should now be enjoined from seeking IFP again absent *sworn* "imminent harm" allegations.[2]

---

<p style="padding-left: 2em;">which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.</p>

28 U.S.C. § 1915(g). This "Three Strikes Rule" permits a prisoner to file only "three meritless suits at the reduced rate. . . ." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quotes and cite omitted).

[2] If he perjures himself he faces criminal prosecution. *See, e.g., United States v. Dickerson*, CR608–36, doc. 1 (S.D. Ga. Dec. 11, 2008) (28 U.S.C. § 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from

2

*Smith v. Fla. Dep't of Corrs.*, 369 F. App'x 36, 40 (11th Cir. 2010) (district court order enjoining prisoner from filing any new civil cases IFP was not overbroad, for the scope of the injunction precisely matched the scope of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and did not foreclose "imminent danger" claims). As part of that sworn showing, he also must identify all prior litigation that he has brought in any court of record, including the full case name, case number, court in which it was brought, and disposition. Finally, his "speedy trial" motion (doc. 3) is **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 24th day of September, 2012.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, ___ F.Supp.2d ___, 2012 WL 2090366 at *4 n. 4 (S.D. Ga. May 10, 2012).